IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WYNETTE KWOK,
Plaintiff,
v.
DELTA AIR LINES INC.,
Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-1713-TWT

**OPINION AND ORDER**

This is a putative class action against Delta Air Lines regarding its frequent flyer program. It presents the question of whether Delta is contractually required to award frequent flyer miles based upon (1) the direct geographic distance between the origin and destination of a flight, or (2) the distance actually flown? It is before the Court on the Defendant Delta Air Lines, Inc.'s Motion to Dismiss [Doc. 35]. For the reasons set forth below, the Motion to Dismiss [Doc. 35] is GRANTED.

**I. Background**

The Plaintiff Wynette Kwok is a member of the Defendant Delta Air Lines' frequent flyer program, Delta SkyMiles. (Compl. ¶ 21.) Since joining the program, the Plaintiff has been awarded miles in an amount corresponding to the direct geographic distance between her departure airport and arrival airport. For example, on March 2,

2013, she flew from Los Angeles International Airport (LAX) to John F. Kennedy International Airport in New York, New York (JFK). (Compl. ¶ 26.) The distance flown was 2,651 miles. (Compl. ¶ 26.) Delta awarded her 2,475 frequent flyer miles. (Compl. ¶ 27.) On March 10, 2013, she again flew from LAX to JFK. This time, the distance flown was 2,802 miles. (Compl. ¶ 23.) Delta again awarded her 2,475 frequent flyer miles. (Compl. ¶ 24.) The governing terms of the frequent flyer program are found in the SkyMiles Program Rules and Conditions. (Compl. ¶¶ 2, 18.) The relevant part reads:

> The amount of mileage earned for air travel flown while you are a SkyMiles member will be calculated as follows:
>
> [1] On nonstop and direct flights, mileage credited will be calculated based upon *the distance from origin to final destination*, regardless of the number of stops
>
> [2] On connecting flights that require a change of plane and flight number, mileage credited will be calculated based upon *the distance from origin to destination* for each segment of the trip. However, use of connecting itineraries in lieu of nonstop and/or direct flights for the accumulation of additional mileage is not permitted. Delta reserves the right to limit mileage credit for an itinerary to the number of connecting flights actually traveled or the maximum number of segments shown in Delta's published schedule for a connection between any two cities, whichever is less.

(Mot. to Dismiss, Ex. A at 12) (emphasis added). The Plaintiff claims that she is entitled to the difference between the miles actually flown and the miles she was awarded. The Defendant moves to dismiss.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

"[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield, 116 F.3d

1364, 1368 (11th Cir. 1997). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Id. at 1369. The Court will consider the Delta SkyMiles Program Rules and Conditions in resolving the Defendant's Motion to Dismiss.

## III. Discussion

Contrary to the assertions of both parties, they do not disagree on the meaning of "distance." It is, at bottom, a measurement.[1] The dispute goes to the particular length whose distance is being calculated; the distance of *what*? The Plaintiff claims that the contract refers to the distance of the actual route traveled. The Defendant claims that it refers to the geographic distance between the origin and the destination.

---

[1]Distance: "The extent of space lying between any two objects . . . Lineal extent . . . ." Oxford English Dictionary, http://www.oed.com/view/Entry/55580?rskey=4dTaqs&result=1 (last visited Dec. 31, 2013).

Distance: "[T]he *degree or amount* of separation between two points . . . an *extent* of area or an advance along a route measured linearly . . .." Merriam-Webster.com, http://www.merriam-webster.com/dictionary/distance (last visited Dec. 31, 2013).

Under Georgia law, when interpreting a contract the Court must first "decide whether the language is clear and unambiguous." CareAmerica, Inc. v. Southern Care Corp., 229 Ga. App. 878, 880 (1997). If it is, then that concludes the matter. See id. ("If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning."). However, "if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity." Id. "[I]f the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury." Id. "The construction of a contract is a question of law for the courts . . . as is the existence or nonexistence of an ambiguity in a contract." Avion Systems, Inc. v. Thompson, 293 Ga. App. 60, 62-63 (2008).

To begin, the plain text supports the Defendant's interpretation. The relevant segment reads: "the distance from origin to final destination." (Mot. to Dismiss, Ex. A at 12.) This does not refer to the distance flown or the distance of the route taken. It refers to the distance between two points. This distance is fixed and would not waver based on any particular flight path. The Plaintiff argues that "the meaning of 'distance' must be construed in the context of travel along a route." (Pl.'s Br. in Opp'n to Mot. to Dismiss, at 6.) This would be true if the contract referred to the distance of the travel route. Here, obviously, it does not. The Plaintiff's next argument is

essentially that the contractual wording is not so specific as to foreclose the Plaintiff's reading. (Pl.'s Br. in Opp'n to Mot. to Dismiss, at 7.) But that does not mean the Plaintiff's reading is the natural one. The Defendant's reading is, and thus it controls.[2]

But even assuming there was sufficient ambiguity to warrant the use of canons of contract interpretation, the Defendant's reading still controls. Two factors support this. First, "[t]he law favors a construction that will uphold the contract as a whole, and the whole contract should be looked to in arriving at the construction of any part." Thornton v. Kumar, 240 Ga. App. 897, 898-99 (1999); see also O.C.G.A. 13-2-2(4) ("The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part."). Thus, the Court "should avoid any construction that renders portions of the contract language meaningless." Deep Six, Inc. v. Abernathy, 246 Ga. App. 71, 74 (2000). Here, the first paragraph reads: "[o]n nonstop and direct flights, mileage credited will be calculated based upon the distance from origin to final destination, *regardless of the number of stops*." (Mot. to Dismiss, Ex. A at 12) (emphasis added). This indicates that the calculation will not factor in additional miles flown as a result

---

[2] Common parlance supports the Defendant's reading as well. If one were to ask for the "distance" from one end of a football field to the other, the natural response would be the direct end-to-end length. The answer would be different, of course, if the question asked for the distance of a particular path from one end to the other.

of, say, an emergency stop to refuel. This is inconsistent with the Plaintiff's reading which would tie awarded miles with the distance actually flown. The Plaintiff responds by arguing that the "regardless of the number of stops" language merely reconfirms that the paragraph applies to non-stop flights. (Pl.'s Br. in Opp'n to Mot. to Dismiss, at 8-9.) This is patently incorrect. Not only would that reading render the clause superfluous, it does not comport with its clear language which refers to any stop, not just planned stops.

Second, "[a] contract must be given a reasonable construction which will uphold and enforce the instrument, if possible, rather than a construction which would . . . lead to an absurd result." Tudor v. American Emp. Ins. Co., 121 Ga. App. 240, 242 (1970). Here, the Plaintiff's reading would result in additional miles awarded for many unplanned contingencies. For example, when a plane reaches its destination, it must often circle in a holding pattern. (Def.'s Mot. to Dismiss, at 6.) According to the Plaintiff, SkyMiles members should receive a windfall of award miles for this maneuver. The same would be true if the plane had to divert around inclement weather or fly around the airport to approach a particular runway. (Def.'s Mot. to Dismiss, at 6.) By contrast, the Defendant's reading is reasonable. It results in the award of a fixed, predictable number of miles for any given trip.

To support her argument, the Plaintiff first references the paragraph which explains how miles will be awarded for indirect flights. (Pl.'s Br. in Opp'n to Mot. to Dismiss, at 9.) This paragraph states, in relevant part: "On connecting flights that require a change of plane . . . mileage credited will be calculated based upon the distance from origin to destination for each segment of the trip." (Mot. to Dismiss, Ex. A at 12.) This does not support the Plaintiff's argument. It simply indicates that for indirect flights, the award miles will be calculated by adding up the geographic distance of each leg of the trip. Thus, for example, if one were flying from Los Angeles to New York with a layover in Chicago, the total awarded miles would be the geographic distance from Los Angeles to Chicago plus the geographic distance from Chicago to New York.

Next, the Plaintiff argues that ambiguous contracts must be construed against the drafter. (Pl.'s Br. in Opp'n to Mot. to Dismiss, at 8.) As noted, however, there is no ambiguity. And even if there were, "[n]o canon of interpretation is absolute [and] [e]ach may be overcome by the strength of differing principles that point in other directions." Estate of Pitts v. City of Atlanta, 323 Ga. App. 70, 75 (2013) (internal quotation marks omitted). The disputed provision here should not be construed against Delta given that other parts of the contract clarify its meaning. Cf. Murphy v. Ticor Title Ins. Co., 316 Ga. App. 97, 100, (2012) ("A policy . . . susceptible to two

reasonable meanings is not ambiguous if the trial court can resolve the conflicting interpretations by applying the rules of contract construction . . . [when] the resulting ambiguity cannot be resolved, the term will be strictly construed against the insurer as the drafter and in favor of the insured.”).

The Plaintiff then argues that the Court must assume that her interpretation is true on a motion to dismiss. (Pl.’s Br. in Opp’n to Mot. to Dismiss, at 4.) This is incorrect. The Court must only accept factual allegations as true, not legal conclusions. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (“Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.”). Here, the Court will assume as true that the Plaintiff subjectively thought that she would be awarded miles commensurate with the distance flown. The Court does not, however, have to accept as true the legal significance that the Plaintiff attaches to this fact.

The Plaintiff further argues that two pieces of extrinsic evidence support her reading.[3] Here, because there is no ambiguity, extrinsic evidence is not considered.

---

[3] First, the Plaintiff cites to a website that is not affiliated with Delta: http://flightaware.com. (Pl.’s Br. in Opp’n to Mot. to Dismiss, at 7.) Second, the Plaintiff cites to a Delta advertisement for “Medallion Qualification Miles.” (Pl.’s Br. in Opp’n to Mot. to Dismiss, at 4.)

See Choice Hotels Int'l, Inc. v. Ocmulgee Fields, Inc., 222 Ga. App. 185, 186 (1996) ("Well-established Georgia law provides that matters outside a contract cannot be used to vary or explain the unambiguous terms of an agreement."). To the extent that there is ambiguity, the tools of contractual interpretation resolve it. Thus, extrinsic evidence may not be considered. See Thomas v. American Global Ins. Co., 229 Ga. App. 107, 109 (1997) ("[A]fter the application of pertinent rules of contract construction to the contract, extrinsic evidence becomes admissible to explain any remaining ambiguity."); Martin v. Southern Atlantic Inv. Corp., 160 Ga. App. 852, 854 (1982) ("It is only after applying the rules of construction and an ambiguity remains is extrinsic evidence admissible to explain the ambiguity."). Consequently, even assuming all of the factual allegations to be true, the Plaintiff would not be entitled to relief. The motion to dismiss should be granted.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 35].

SO ORDERED, this 9 day of January, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge